## Thos. A. Biddle & Co. v. Brown.

*Stock brokers—Duty to sell stock held as collateral for margins—Notice to customer—Loss by depreciation before notice.*

1. A broker carrying stock for a customer on margin may not sell the stock without notice to the customer, thus giving him an opportunity to continue the pledge by the deposit of additional margin, and this rule holds good, although a threat of war causes sudden and violent declines in stock market values.

2. Where the stock deposited on margin with a broker began to decline March 1st, and on March 31st the broker notified the customer to protect his margin, which notice was ignored, and he again notified him on April 3rd, to which latter notice the customer replied that the broker might either hold or dispose of the stock for his own account and at his own risk, as he saw fit, and the stock was sold April 3rd at the best prices obtainable after receiving the answer from the customer, the broker is not liable for the loss due to his failure to sell the stock without notice shortly after March 2nd, and he may recover from the customer the difference between the amount realized by the sale of the stock and the customer's debt.

3. A custom of the Philadelphia and New York Stock Exchanges, averred in the affidavit of defence, that stock held on margin shall be sold at the best price obtainable on the exhaustion of the margin without notice to the customer, is contrary to law and inadmissible.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 3, Phila. Co., June T., 1926, No. 1499.

*Allen Hunter White* (with him *F. L. Ballard*), for plaintiff.

*William B. Lex*, for defendant.

FERGUSON, J., Jan. 27, 1927.—This is a rule for judgment for want of a sufficient affidavit of defence. The action is by brokers who carried stock on margin for defendant. After notice to defendant to deposit additional security, the stock was sold and the brokers sustained a loss, to recover which this action is brought.

In Berberich's Estate, 257 Pa. 181, it was held that a broker carrying stock for a customer on margin may not sell the stock without notice to the customer, giving him opportunity to continue the pledge by the deposit of additional margin. And this rule holds good though a threat of war causes sudden and violent declines in stock market values. To sell without such notice constitutes an illegal conversion on the part of the broker. It is within the power of the parties to make a special arrangement, under which the

Thos. A. Biddle & Co. *v.* Brown.

broker is authorized to sell without notice if the margin is exhausted. No such arrangement, however, is suggested here.

It is asserted, though, that there is a rule and custom of the New York and Philadelphia Stock Exchanges that stock held on margin shall be sold at the best price obtainable upon the exhaustion of the margin. In other words, it is an obligation resting on the broker which he cannot escape. It is not suggested that any notice is required under this custom. In this case, after notice on March 31st and again on April 3rd, the stock was sold on the later date. Defendant alleges that the stock began to decline about March 2nd, and at that time it was the duty of plaintiffs, under the custom alleged, to sell the stock. He fails to give prices at any particular dates, but this is unimportant. Had he given them, the situation would not have been altered. He had a pledge with plaintiffs as security for them to protect their advances for his account. He knew, or ought to have known, that until he received notice they must continue to carry that pledge, no matter what prices prevailed on the Stock Exchange. If they omitted to demand additional security, and if the entire account was imperiled as a result, they had nothing to depend upon but defendant's financial responsibility. To assert that by a custom they were bound to sell his securities without notice is to assert a custom contrary to law. As was said in a New York case (Markham *v.* Jaudon, 41 New York, 235), it is as unreasonable as to assert a custom to protest notes on the first day of grace. Such custom cannot be regarded as a defence.

The only other feature in the case requiring comment is that part of the affidavit of defence which asserts that when defendant received notice to deposit more margin on March 31st and April 3rd, he informed plaintiffs that they could either hold or dispose of the stock for their own account and at their risk, as they saw fit. We fail to see in this anything to change the relation of the parties. It was beyond the power of defendant to make a new contract at that late day. The rights of the parties became fixed on receipt of the notice, and there is no suggestion that plaintiffs did not obtain the best prices obtainable after defendant refused to protect his stock by the deposit of additional security. The rule for judgment must be made absolute.

NOTE.—We are informed by counsel for plaintiff that no such custom as that alleged exists.